UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMANUEL JOIA, :
    Plaintiff, :
     :
v. : C.A. No. 18-365WES
     :
JOZON ENTERPRISES, INC., :
    Defendant. :

**MEMORANDUM AND ORDER**

Patricia A. Sullivan, United States Magistrate Judge.

Plaintiff Emanuel Joia, *pro se*,[1] has filed a motion requesting discovery and production of documents. ECF No. 43. The Court interprets the motion as requesting that it order the Rhode Island Superior Court to provide Plaintiff with a copy of every document in the record of a Superior Court case, including to compel the creation of a transcript of proceedings conducted in the Superior Court, without Plaintiff paying for anything.

The motion relates to the case referenced in Plaintiff's petition, which he alleges he brought in the Superior Court "with the intention to bypass arbitrary agreement[.]" ECF No. 1-1 at 8. According to the petition, this Superior Court action was based on Plaintiff's wish to engage in "conflict resolution" of his disputes with Defendant, including claimed violations of "Rhode Island's Fair Labor Standard Act" and "RI General Assembly Statement of Earnings requirements," as well as "various torts." Id. at 8, 13. At the Rule 16 conference in this case held on January 23, 2019, Defendant explained that the Superior Court conducted a hearing on a dispositive motion and dismissed Plaintiff's case because Plaintiff and Defendant have a binding

---

[1] The Court is mindful of its obligation to read with leniency the filings of *pro se* litigants like Plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

agreement to arbitrate.[2] Plaintiff now seeks to "bypass the fees associated with ordering the transcript" pertaining to this hearing to avoid "an economical loss in paying a fee of over $300."[3] ECF No. 43 at 2-3. He does not specify who should be required to pay or why.

Plaintiff initiated his federal case by filing a petition to compel arbitration[4] in accordance with the terms of the arbitration agreement pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ECF No. 1 (citing 9 U.S.C. § 4). No other relief is sought. Defendant represents that it has been and remains ready, willing and able to comply with the terms of the parties' arbitration agreement by engaging in arbitration if Plaintiff initiates the proceeding as required by § III(C) of the arbitration agreement. Based on the confluence of their positions, the Court is presently engaged in a *sua sponte*[5] analysis of whether this case should be dismissed for lack of jurisdiction or otherwise summarily disposed of. Operation Clean Gov't v. R.I. Ethics Comm'n, 315 F. Supp. 2d 187, 193 (D.R.I. 2004) (United States Constitution "confines the federal courts' jurisdiction to those claims which embody actual 'cases' or 'controversies.'") (citing U.S. Const. art. III, § 2, cl. 1). Despite this open question regarding its jurisdiction, the Court believes that it

---

[2] A copy of the arbitration agreement signed by Plaintiff is attached to his petition. ECF No. 1-1 at 21. The parties confirmed at the Rule 16 conference that there is no dispute that this document is the operative agreement and that it was signed by Plaintiff and by Defendant, acting through its General Manager.

[3] This is the sixth time Plaintiff has asked for this discovery. In a memorandum and order that issued before Defendant was served, the Court denied the fourth and fifth iterations of the same motion because no defendant had appeared in the case. At the same time, the Court also expressed concerns about why Plaintiff was seeking to compel the copying of publicly available information and whom Plaintiff expected to pay for such a request. ECF No. 24. Plaintiff's sixth version of the same motion has ignored these concerns.

[4] Inconsistent with the prayer for relief sought by his petition, Plaintiff asserted in a more recent filing that the arbitration agreement is not binding because he resigned from his employment. This proposition appears to be contradicted by the arbitration agreement itself, which states, that it "survives any decision to terminate [Plaintiff's] employment with [Defendant]." ECF No. 1-1 at 21, § I. In support of the proposition that the agreement was voided by his resignation, Plaintiff mistakenly relies on R.I. Gen. Laws § 6A-3-604, which relates to the cancellation of a negotiable instrument and has nothing to do with an agreement to arbitrate.

[5] The federal court has a continuing duty to inquire as to its subject matter jurisdiction and to act *sua sponte* if it appears that jurisdiction is lacking. McCulloch v. Velez, 364 F. 3d 1, 5 (1st Cir. 2004); Behroozi v. Behroozi, No. CV 15-536S, 2016 WL 8461181, at *1 (D.R.I. Nov. 22, 2016), adopted, No. CV 15-536 S, 2017 WL 933059 (D.R.I. Mar. 8, 2017).

must act swiftly in connection with the instant motion requesting discovery to correct Plaintiff's misunderstanding that his *in forma pauperis* ("IFP") status entitles him to force the State of Rhode Island to incur unwarranted copying and transcription expenses.

Plaintiffs in federal court who are granted leave to proceed IFP are relieved of the obligation to pay the costs of filing a complaint and serving process to initiate the action. 28 U.S.C. § 1915(a). After that, they may use any of the discovery methods prescribed by the Federal Rules of Civil Procedure. However, nothing in 28 U.S.C. § 1915 authorizes the federal courts to finance or pay a party's discovery expenses incurred while prosecuting a lawsuit. This limitation on the authority of a federal court to relieve indigent litigants from the costs of pre-trial discovery has long been recognized. Palencar v. Cobler Realty Advisors, Civil Action No. 3:09-CV-0325, 2009 WL 3805882, at *1-2 (M.D. Pa. Nov. 10, 2009); see, e.g., Brooks v. Quinn & Quinn, 257 F.R.D. 415, 417 (D. Del. 2009) ("Although plaintiff is proceeding *in forma pauperis*, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Toliver v. Cmty. Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the prepayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition"). If Plaintiff wants public records of the Superior Court to be provided to him by the State of Rhode Island, he must access them as any other member of the public. His IFP status does not empower this Court to transfer that burden to the state's taxpayers.[6]

---

[6] The Court's equitable power extends to pretrial discovery in appropriate circumstances. No such circumstances are presented here. See Palencar, 2009 WL 3805882, at *2 n.3.

For the foregoing reasons, and interpreting Plaintiff's motion as seeking an order to relieve him of, and impose on the State of Rhode Island, the expenses associated with copying publicly available records from the Superior Court case and with transcribing a hearing in that case, Plaintiff's motion requesting discovery and production of documents (ECF No. 43) is denied.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 25, 2019