UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMANUEL JOIA, | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 18-365WES |
| | : |
| JOZON ENTERPRISES, INC., | : |
|     Defendant. | : |

**MEMORANDUM AND ORDER**

Patricia A. Sullivan, United States Magistrate Judge.

*Pro se* Plaintiff Emanuel Joia moves (ECF No. 45) for the Court to order the U.S. Marshals to serve a third-party subpoena on the Rhode Island Superior Court, which he argues he is entitled to because of his *in forma pauperis* ("IFP") status. Although Plaintiff's motion does not clearly say it, based on his six prior motions directed at collecting discovery for this case from the Superior Court, see, e.g., ECF No. 44 at 2 n.3, Plaintiff's motion is his latest attempt to obtain Superior Court transcripts without bearing any costs himself.

A plaintiff granted IFP may be entitled to obtain service of a subpoena duces tecum by the U.S. Marshals Service pursuant to 28 U.S.C. § 1915(d). Heilman v. Lyons, No. 2:09-cv-2721 KJN P, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010) ("Because plaintiff is proceeding in forma pauperis, he is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal."); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *2 (S.D. Ind. Dec. 21, 1992). However, the relevance standard of Fed. R. Civ. P. 26(b)(1) still applies, Heilman, 2010 WL 5168871, at *1, and the Court must examine the cost of complying with the subpoena. Luster v. Sands, Cause No. 1:07-CV-245, 2008 WL 4449542, at *2 (N.D. Ind. Sept. 29, 2008). Plaintiff's motion fails to meet either: he provides no explanation and the Court perceives none for the relevance of Superior Court transcripts to this case's Petition to

Compel Arbitration (ECF No. 17); and "[t]here is no indication here that [Plaintiff] has made any provision for the cost of his requested discovery[,]" so it is proper to deny the motion. Luster, 2008 WL 4449542, at *2. Accordingly, Plaintiff's motion for service by alternate method (ECF No. 45) is denied. Plaintiff has two remaining motions: a request to make minor changes to the date and terms of the subpoena request (ECF No. 46); and a new third-party subpoena motion incorporating those changes (ECF No. 47). Based on the foregoing, those motions are denied. As an additional (yet contingent) basis for denying all three motions, there is the pending report and recommendation (ECF No. 48) finding the Court lacks statutory and constitutional jurisdiction over this case.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 14, 2019